1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   MICKAYLA LYNNE MARIE P.,

11                    Plaintiff,

12          v.

13   COMMISSIONER OF SOCIAL
     SECURITY,

14
                     Defendant.
15

CASE NO. 3:22-CV-5183-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

16
17          Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

18   Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"),

19   supplemental security income ("SSI"), and child disability benefits ("CDBD"). Pursuant to 28

20   U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have

21   consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

            After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

22   did not err in rejecting the medical opinion of Dr. Hartinger. Accordingly, the Court affirms the

23   ALJ's decision in finding plaintiff not disabled.

24

1    FACTUAL AND PROCEDURAL HISTORY

2    On February 20, 2019, Plaintiff filed an application for DIB, SSI, and CDBD, alleging

3    disability as of July 23, 2001. *See* Dkt. 10, Administrative Record ("AR") 16, 70-71, 79-80, 88-

4    89. The application was denied upon initial administrative review and on reconsideration. *See*

5    AR 111, 124, 137, 152, 164, 176. A hearing was held before ALJ Shane McGovern on January

6    29, 2021. *See* AR 33-69. In a decision dated March 23, 2021, ALJ McGovern determined

7    Plaintiff not disabled. *See* AR 13-32. Plaintiff's request for review of the ALJ's decision was

8    denied by the Appeals Council, making the ALJ's decision the final decision of the

9    Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

10    In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in evaluating the medical

11    opinion of Dr. Hartinger. Dkt. 10, p. 1.

12    STANDARD OF REVIEW

13    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14    social security benefits if the ALJ's findings are based on legal error or not supported by

15    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

17    DISCUSSION

18    Plaintiff contends the ALJ erred in rejecting the medical opinion of Dr. Wendy Hartinger.

19    Dkt. 10, pp. 3-10.

20    Dr. Hartinger completed a psychological evaluation of Plaintiff on December 12, 2018 by

21    conducting a mental status exam and reviewing Plaintiff's medical records. *See* AR 447-51. She

22    diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, posttraumatic

23    stress disorder, and schizotypal personality traits. AR 449. Based on these impairments, Dr.

24

1   Hartinger found Plaintiff markedly limited with the following: performing activities within a

2   schedule, maintaining regular attendance, and being punctual within customary tolerances

3   without special supervision; communicating and performing effectively in a work setting; and

4   completing a normal work day and work week without interruptions from psychologically based

5   symptoms. *See* AR 449-50.

6       The ALJ did not find Dr. Hartinger's opinion persuasive, because it was (1) "not

7   supported by a citation to any objective medical findings," (2) plaintiff's mental status during the

8   evaluation was almost entirely within normal limits, and (2) inconsistent with plaintiff's

9   improvement after using prescribed medications. *See* AR 25.

10      Plaintiff filed her applications after March 27, 2017. AR 70, 79, 88, 100. Under the

11   applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how

12   persuasive [he] find[s] all of the medical opinions" by considering their supportability,

13   consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§

14   404.152c(c); 416.920c(c). The ALJ is specifically required to consider the two most important

15   factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a); 416.920c(a).

16   The supportability factor requires the ALJ to consider the relevance of the objective medical

17   evidence and the supporting explanations presented by the medical source to justify their

18   opinion. 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). The consistency factor involves

19   consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R.

20   §§ 404.1520c(c)(2); 416.920c(c)(2).

21      In this case, though the ALJ improperly found Dr. Hartinger's opinion unsupported by

22   any citations to objective medical findings, the ALJ nonetheless reasonably rejected her opinion

23   because it was unsupported by the results of Plaintiff's mental status exam. The ALJ first

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 3

1    rejected Dr. Hartinger's opinion because it was unsupported by "a citation to any objective

2    medical findings." AR 25. However, Dr. Hartinger rendered an opinion after reviewing

3    Plaintiff's records and conducting a mental status exam, the latter of which is considered an

4    objective measure. *See* Dkt. 10, p. 6; *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)

5    (finding that a clinical interview and a mental status evaluation are considered "objective

6    measures"). Thus, in rejecting Dr. Hartinger's opinion because it was unsupported by objective

7    findings, the ALJ erred.

8           However, the ALJ did not err in rejecting Dr. Hartinger's opinion because of the results

9    of Plaintiff's mental status exam. Dr. Hartinger opined that Plaintiff would have several marked

10   limitations in certain basic work activities such as attendance, communication, and completing a

11   work day without interruptions from her mental health impairments. AR 449-50. Yet, Plaintiff's

12   own mental status exam, administered by Dr. Hartinger herself, shows that despite Plaintiff's

13   anxious mood, Plaintiff's thought process and content, orientation, perception, memory, fund of

14   knowledge, concentration, abstract thought, and insight and judgment were all within normal

15   limits. AR 451.

16          Plaintiff argues that the ALJ's rejection of Dr. Hartinger's opinion is insufficient because

17   the ALJ's explanation that Dr. Hartinger's mental status exam showing Plaintiff was "almost

18   entirely within normal limits . . . inherently acknowledges that the exam result was not entirely

19   within normal limits." Dkt. 10, p. 6. Further, in her Reply, Plaintiff points out, "The mental status

20   exam, while certainly a valuable diagnostic tool, is not the end-all and be-all of psychoanalysis."

21   Dkt. 12, p. 2. But Plaintiff does not show which part of Dr. Hartinger's opinion does not support

22   the ALJ's reasonable conclusion, nor does Plaintiff present any further argument or authority as

23   to why this Court should disregard Dr. Hartinger's mental status exam. Under the supportability

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

1  factor of the new regulations, a medical opinion's persuasiveness is based on the relevance of

2  "the objective medical evidence and supporting explanations presented by the medical

3  source." *See* 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). Here, in rejecting Dr. Hartinger's

4  opinion, the ALJ identified the physician's own mental status exam, which, as Plaintiff herself

5  acknowledged, is an objective medical measure.  Dkt. 10, p.6. And because the mental status

6  exam results undermined the Dr. Hartinger's marked limitations, the Court cannot say the ALJ

7  unreasonably rejected Dr. Hartinger's opinion because it lacked supportability. Accordingly, the

8  Court finds the ALJ did not err in rejecting Dr. Hartinger's opinion.

9        Further, because the ALJ has provided at least one valid reason to reject Dr. Harbinger's

10  opinion, the Court need not further assess whether the other reason offered by the ALJ is

11  erroneous.  Even if that reason were insufficient, any error would be harmless. *See Carmickle v.*

12  *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason

13  among other reasons to discount a claimant's credibility does not negate the validity of the

14  overall credibility determination and is at most harmless error where an ALJ provides other

15  reasons that are supported by substantial evidence).

16                                    <u>CONCLUSION</u>

17        Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded

18  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and

19  this case is dismissed with prejudice.

20        Dated this 12th day of September, 2022.

21

22

David W. Christel
United States Magistrate Judge

23

24